UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ROGOVSKY ENTERPRISE, INC., a Florida corporation, )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>vs. )<br>)<br>MASTERBRAND CABINETS, INC., a Delaware corporation, )<br>)<br>Defendant/Counter-Plaintiff. ) | 3:15-cv-00022-RLY-MPB |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ITS COUNTERCLAIM FOR BREACH OF CONTRACT**

Defendant, Masterbrand Cabinets, Inc., moves for summary judgment on its counterclaim for breach of contract. For the reasons set forth below, the motion is **GRANTED**.

**I.     Background**

Plaintiff, Rogovsky Enterprise, Inc., ran a kitchen and bath design and home remodeling business under the trade name "Kitchen and Home Interiors" ("KHI") from the KHI showroom in Deerfield Beach, Florida. (Filing No. 94, Counterclaim ¶ 9). In 2011, Rogovsky informed MasterBrand that it planned to franchise KHI, and proposed that MasterBrand serve as the exclusive cabinet supplier for Rogovsky's future KHI franchises. (*Id.* ¶ 10). MasterBrand accepted the proposal, which culminated in the Exclusive Distributor Agreement. (*Id.* ¶ 11).

The Agreement provided, among other things, that all disputes arising under the Agreement would be exclusively litigated in Indiana:

> The parties agree that any litigation arising out of this Agreement or the termination thereof shall be heard only in a court located in the State of Indiana, and each party consents to jurisdiction over it by such a court . . . .

(Filing No. 99-1, Exclusive Distribution Agreement, § 5(d)).

In the two years following the execution of the Agreement, MasterBrand concluded that Rogovsky was in default pursuant to Section 4 of the Agreement. (Counterclaim ¶ 18). In October 2013, MasterBrand notified Rogovsky that it would be terminating the Agreement as of December 31, 2013. (*Id.*).

On January 17, 2014, Rogovsky filed this lawsuit in the United States District Court for the District of Minnesota. (Filing No. 1, Complaint). On July 31, 2014, MasterBrand filed a motion to enforce its rights under Section 5(d) of the Agreement and transfer the case from the District of Minnesota to the Southern District of Indiana. (Filing No. 12, Motion to Transfer Venue). Rogovsky opposed the motion, and the parties participated in oral argument in Minnesota before Judge Susan R. Nelson. (Filing No. 46, Minute Entry). On February 23, 2015, Judge Nelson enforced the parties' forum selection clause and granted MasterBrand's Motion to Transfer ("Transfer Order"). (Filing No. 47, Order granting Motion to Transfer). In her Memorandum and Order, Judge Nelson explicitly held that the Agreement's forum-selection clause is valid (*id.* at 13) and enforceable (*id.* at 25). By the time the case transferred to this court, MasterBrand alleges it incurred substantial attorneys' fees and costs litigating in

2

Minnesota by successfully enforcing the Agreement's exclusive venue provision. (Filing No. 99-2, Declaration of Mark P. Miller ¶¶ 1-9).

## II. Discussion

To recover for a breach of contract under Indiana law, the plaintiff must prove that: (1) a contract existed; (2) the defendant's (here Rogovsky's) breach of the contract; and (3) damages resulting from the breach. *Collins v. McKinney,* 871 N.E.2d 363, 370 (Ind. Ct. App. 2007) (citation omitted). In construing a contract, the court's primary objective is "to give effect to the intentions of the parties as expressed in the four corners of the instrument." *Trustees of Indiana Univ. v. Cohen*, 910 N.E.2d 251, 257 (Ind. Ct. App. 2009). "Clear, plain, and unambiguous terms are conclusive of that intent." *Id.* The construction of an unambiguous contract is a question of law for which summary judgment is particularly appropriate. *Id.*

Rogovsky opposes MasterBrand's motion on two grounds: (1) it did not breach the contract, and (2) assuming it breached the contract, MasterBrand was not damaged as a result of the breach.

### A. Breach of Contract

Rogovsky does not dispute that it entered into a contract with MasterBrand which had an exclusive venue provision. Nevertheless, Rogovksy maintains it did not breach the exclusive venue provision because it says nothing about where the suit must be *commenced*. Rather, the provision only mandates that the suit be *heard* in a court in Indiana.

The court is not persuaded by Rogovsky's argument for two reasons. First, Rogovsky's interpretation of the word *heard* is not reasonable. In order for a case to be *heard* in an Indiana court, it must be *commenced* in an Indiana court. And in any event, Rogovsky's case was *heard* by the Minnesota court, as Judge Nelson's Transfer Order clearly demonstrates. Second, Rogovsky's interpretation of Section 5(d) conflicts with Indiana's rules of contract interpretation, which require the court to read the contract "as a whole so as not to render any words, phrases, or terms ineffective or meaningless." *Starks Mechanical, Inc. v. New Albany-Floyd Cnty. Consol. Sch. Corp.*, 854 N.E.2d 936, 941 (Ind. Ct. App. 2006). Rogovsky's proposed construction of Section 5(d) would render the exclusive venue provision ineffective and entirely meaningless.

As Rogovsky concedes, it commenced an action in a venue other than the one unambiguously set forth in Section 5(d). The court therefore finds Rogovsky breached Section 5(d) of the Agreement.

### B.     Damages

#### 1.     Legal Damages

Rogovsky argues MasterBrand is not entitled to damages because it asked the Minnesota court to specifically enforce performance of Section 5(d) of the Agreement and the request was granted. According to Rogovsky, MasterBrand cannot now sue for damages. *See Bohlin v. Jungbauer*, 615 N.E.2d 438, 439 (Ind. Ct. App. 1993) ("[S]pecific performance erases breach and precludes damages at law.").

A party suing for breach of contract may pursue the remedy of specific performance or legal damages, but may not pursue both. *UFG, LLC v. Southwest Corp.*,

848 N.E.2d 353, 361 (Ind. Ct. App. 2006). "The grant of specific performance directs performance of a contract according to the precise terms agreed upon, or substantially in accordance therewith." *Metro Holdings One, LLC v. Flynn Creek Partner,* LLC, 25 N.E.3d 141, 161 (Ind. Ct. App. 2014) (internal quotation marks and citations omitted). Specific performance is typically awarded in a contract dispute involving the sale of real estate. *Stoll v. Grimm*, 681 N.E.2d 749, 756 (Ind. Ct. App. 1997). This is so because each piece of real estate is unique and thus, money damages would be an inadequate remedy. *Kesler v. Marshall*, 792 N.E.2d 893, 896-97 (Ind. Ct. App. 2003).

At the time the parties were litigating the motion to transfer, MasterBrand had not brought its counterclaim for breach of contract. Therefore, Judge Nelson had no occasion to award the remedy of specific performance to MasterBrand for breach of contract. Furthermore, Judge Nelson's Order granting MasterBrand's motion to transfer did not direct the parties to *perform* under the contract; it merely enforced the Agreement's venue provision. Therefore, MasterBrand is not precluded from seeking money damages.[1]

### 2. Attorneys' Fees

MasterBrand seeks the attorneys' fees and other litigation costs it incurred in prosecuting the Motion to Transfer in Minnesota. Rogovsky contends MasterBrand is

---

[1] Even if the court were to find the Minnesota court awarded specific performance to MasterBrand through the transfer Order, MasterBrand would not be precluded from seeking equitable compensation. *Bohlin*, 615 N.E.2d at 439 (noting that "as part of a specific performance decree, the trial court may award equitable compensation to adjust the equities of the parties.").

not entitled to attorneys' fees for two reasons. First, the parties did not contractually agree to pay attorneys' fees to the prevailing party for breach of the forum-selection clause. Second, MasterBrand waived its right to pursue attorneys' fees because it failed to ask for them in its counterclaim.

MasterBrand is entitled to recover as damages the "loss actually suffered as a result of the breach." *Fischer v. Heymann*, 12 N.E.3d 867, 871 (Ind. 2014). Recoverable damages include the "natural, foreseeable and proximate consequence of the breach." *Fowler v. Campbell*, 612 N.E.2d 596, 603 (Ind. Ct. App. 1993). Attorneys' fees are a natural and foreseeable consequence of litigating a motion to transfer based on a valid forum-selection clause. *See Ball v. Versar, Inc.*, 454 F.Supp.2d 783, 809 ("It is eminently foreseeable that a breach of [a forum selection] clause may require the expenditure of attorney fees and other costs to enforce it by securing the dismissal or transfer of a lawsuit or other proceeding.").

Furthermore, MasterBrand's counterclaim requests the court to award damages, costs, and other legal and equitable relief. (Counterclaim, Count 1, Request for Relief). As just discussed, attorneys' fees are an element of MasterBrand's damages for breach of the forum-selection clause. Therefore, MasterBrand may recover its attorneys' fees as a result of Rogovsky's breach.

### III. Conclusion

The court finds Rogovsky breached the Agreement and, as a result, MasterBrand suffered damages, including the attorneys' fees paid to enforce the forum-selection clause. Therefore, MasterBrand's Motion for Summary Judgment (Filing No. 97) is **GRANTED**. MasterBrand is **ORDERED** to submit evidence relating to its attorneys' fees and costs on or before December 1, 2016. Rogovsky may file a response on or before December 15, 2016, and MasterBrand may file a reply on or before December 22, 2016.

**SO ORDERED** this 31st day October 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.